MAINS v. GETHEN.

(Supreme Court, Appellate Term. June 30, 1908.)

1. ATTORNEY AND CLIENT—ATTORNEY'S RIGHT TO COMPENSATION.

An action by an attorney on a contract of employment to reduce to judgment and to recover on notes, for a percentage of the proceeds of the judgment if collected, and disbursements only on failure to collect, was properly dismissed, though he showed reduction of the notes to judgment, where his evidence showed that he represented another attorney, and that, after both acknowledged failure to realize on the judgment by taking the disbursements and returning the notes, the client realized without assistance.

2. TRIAL—DIRECTING VERDICT ON PLAINTIFF'S CASE IMPROPER.

It is error to direct a verdict for defendant on plaintiff's case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 381-389.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William C. Mains against Edward B. Gethen. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William C. Mains, in pro. per.
George W. Simpson, for respondent.

MacLEAN, J. Alleging his employment by the defendant "to reduce to judgment and to recover the proceeds of certain notes * * * upon the following terms:

"This plaintiff to receive from the proceeds of the said judgment, if collected, for all services in the matter, the sum of twenty-five per cent. (25%) of such collection, and in event that the judgment should not be collected * * * no compensation for his services except actual cash disbursements"

—the plaintiff, a lawyer, undertook to prove his employment, the judgment, and recovery of the proceeds. His evidence did show reduction to judgment in 1902. It did not show his own, but the employment of Mr. Gorham, another lawyer, of whom, in a letter to the defendant, he wrote:

"I represented Mr. Gorham, who did not, for reasons of importance at that time, desire to be the attorney of record."

Nor did it show any recovery of the proceeds by either the attorney employed or his representative. In fact, the evidence was that, after both had failed to get anything out of the judgment debtor, they acknowledged failure by Mr. Gorham's taking the disbursements ($6.70) and returning the notes of the defendant, who a couple of years later

collected the money, or some money, without the lawyer's assistance. The plaintiff thereupon resting his case, the defendant's counsel made a motion for dismissal of the complaint, which motion was properly granted by the learned justice, who, however, added a direction of a verdict, which he might not do on the plaintiff's case.

The judgment should be modified, by eliminating the direction of a verdict, and, as so modified, affirmed, with costs. All concur.